**172 So. 530**

**LANE COTTON MILLS CO. v. KOHLER et al.**

**No. 33952.**

Feb. 1, 1937.

Dart & Dart, of New Orleans, for appellant.

Lazarus, Weil & Lazarus, of New Orleans, for appellees.

ROGERS, Justice.

This suit by the Lane Cotton Mills Company against the indorsers of a promissory note of Gluck's Restaurant Corporation, Inc., is now before this court on an appeal from a judgment sustaining exceptions of no cause of action filed by M. B. Sontheimer, Felix Kohler, and Sam Gluck, three of the defendants.

As disclosed by the petition, the facts on which plaintiff relies for recovery are, substantially, as follows, viz.:

Lane Cotton Mills Company is the holder and pledgee before maturity of a promissory note for $7,375 executed by Gluck's Restaurant Corporation, Inc., on January 1, 1931. The note is payable on demand to the order of Max N. Kohler, with interest and attorney's fees, and is indorsed by Max N. Kohler, the payee, and by M. B. Sontheimer, Felix Kohler, and Sam Gluck, who were officers and stockholders of the maker corporation. The note was originally pledged to plaintiff by Max N. Kohler as collateral security on February 24, 1931. On the day the note was executed the maker corporation was insolvent, and continued to be insolvent until the date (December 7, 1935) the suit was filed, to the knowledge of the indorsers. At the time the note was signed and indorsed, the corporation was indebted to the indorsers and at their instance the corporation executed a note to each of them for the debt due him, each note being indorsed by all the payees for their own accommodation. The defendants, as the executive officers of the maker corporation, were the persons to whom the note would have been ordinarily presented for payment, but at no time did Max N. Kohler, the pledgor, request plaintiff to present it, because of an agreement among the indorsers that the notes should not be presented for payment, and should not be paid by the corporation until the corporation became fully solvent and had the money to pay them. The maker corporation never at any time had any funds with which to pay the note and the indorsers at all times

knew and agreed that the corporation could not and would not pay it. In the absence of instructions from Max N. Kohler, the pledgor, regarding presentment for payment of the note to the maker and indorsers, plaintiff continued to carry the note as long as the pledgor reduced his obligation by payments, but when he ceased to make payment, plaintiff notified the indorsers that it held the note as pledgee and demanded payment thereof. This demand was made on June 7, 1933.

The appellees contend that the petition fails to set forth a cause of action, because (1) it fails to show that the note was presented for payment and was dishonored and notice thereof given to the indorser; and (2) parol evidence is inadmissible to prove a contemporaneous agreement among the indorsers to waive presentment for payment and notice of dishonor.

The trial judge upheld appellees' first contention, and hence found it unnecessary to pass upon their second contention. We think his ruling is correct.

The petition on its face discloses that no demand was made on the maker corporation for the payment of the note, and, therefore, that no notice of dishonor was given to the indorsers. Plaintiff argues, however, that the petition sets forth facts which show conclusively a waiver by the indorsers of the requirement of presentment and notice of dishonor, and that it alleges also that the maker corporation is insolvent and has no funds or property, and a suit against it would be useless and of no avail.

The allegation on which plaintiff relies as showing the agreement among the in-

dorsers to waive presentment of the note and notice of its dishonor is contained in article 13 of the petition. The article reads as follows, viz.: "That at the time the said note dated January 1, 1931 in the sum of $7375 was executed by the corporation and endorsed by the individuals aforesaid, it was agreed that the said note, as well as the others executed on the same occasion, were not to be presented to or paid by the corporation for an indefinite time and in any instance not until the corporation had regained solvency."

The trial judge correctly held that the allegation could not be construed as an agreement to waive presentment and notice. That the most that could be said of the allegation is that the note, being a demand note, must be presented within a reasonable time after issuance, the parol agreement not to present the note for payment for an indefinite time, or until the corporation became solvent, being admissible only to determine if the note was presented for payment within a reasonable time.

The allegation is not that the indorsers agreed to waive presentment and notice of dishonor. There is no allegation that any of the indorsers, or Max N. Kohler, the negotiator of the note, represented to plaintiff at the time of the negotiation that presentment for payment and notice of dishonor had been waived. The sole allegation is that the indorsers agreed among themselves, not with the maker corporation nor with the pledgee plaintiff, that payment of the note would not be demanded of the maker corporation for an indefinite time or until it regained solvency.

Under the Negotiable Instruments Law (Act No. 64 of 1904), section 71, a demand note must be presented to the maker within a reasonable time; and under section 193 of the same law, a "reasonable time" is defined to be such time as the facts of the particular case may warrant.

The agreement set forth in article 13 of the petition could not, under any possible interpretation of the applicable law, dispense with the sacramental requirement of presentation to the maker corporation and notice of dishonor to the indorsers. The alleged agreement at most could only excuse presentation for payment and notice of dishonor for what otherwise would be an unreasonable time. It did not follow from the alleged waiver that no demand of payment need thereafter be made in order to hold the indorsers, nor that the holder who sought to collect the note after the lapse of a reasonable time under the particular facts could proceed against the indorsers without demand for payment having been made and notice of dishonor given.

There is no allegation in the petition that the maker corporation had been dissolved, or that for any other reason it was impossible to make demand upon the corporation, plaintiff relying solely on the general allegation that the corporation had no assets and to make demand upon it would be useless and of no avail.

Even though the maker of a note be insolvent, and the indorser have knowledge of that and of the financial condition of the maker, the plaintiff is not relieved of the requirement to present the note for payment in accordance with its terms and if

dishonored to give notice thereof to the indorser in order to hold him.

The law on the question is stated in Daniel on Negotiable Instruments (7th Ed.) vol. 2, p. 1378 et seq., as follows:

"Sec. 1342. In the second place, the bankruptcy and insolvency of the drawee of a bill, however well known, constitute no excuse for neglect to make due presentment thereof for acceptance, or to give due notice of its dishonor to the drawer and endorsers if it is not accepted. And the same rule applies as to the necessity of presentment for payment to the acceptor of a bill or maker of a note, and as to notice of its dishonor by non-payment. This doctrine rests upon the two-fold ground that it is a part of the contract of drawer and endorser that the bill or note should be presented for acceptance or payment, as the case may be, and due notice given if it be dishonored; and further, that it cannot be definitely settled without a presentment that the instrument will be dishonored, as through friends or resources unknown to others, the principal party may derive the means for payment."

"Sec. 1343. The English and American cases are now uniform on this subject, and it was long ago said: 'It sounds harsh that a known bankruptcy should not be equivalent to a demand or notice, but the rule is too strong to be dispensed with' though at one time a different view obtained.

"The same rule applies where the insolvency arises between drawing or endorsing and maturity; and where the insolvency is known to the party at the very time when he signs his name, expectation or knowledge of the drawer or endorser that the bill or note will not be paid are not excuses, for knowledge is not notice."

The mere fact that the indorsers were officers of the maker corporation was not sufficient to excuse presentment to the corporation and notice of dishonor to the indorsers. See case note in 94 A.L.R. p. 596; also, 8 C.J. p. 683, § 959.

The note sued on was pledged to plaintiff nearly two months after it was executed, and sufficient time thereafter to place plaintiff on its guard. But plaintiff made no inquiries regarding its payment and made no effort to obtain payment as long as Max N. Kohler, the pledgor, reduced his obligation by payments of interest and on the principal. The note was never presented to the maker corporation, and it was only on June 7, 1933, two and one-half years after its execution, that payment of the note was demanded of the indorsers.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.